a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DERRICK DEWAYNE DAVIS, Plaintiff | CIVIL ACTION NO. 1:18-CV-1271-P |
| VERSUS | JUDGE DEE D. DRELL |
| RAYMOND LABORDE CORRECTIONAL CENTER, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Derrick Dewayne Davis ("Davis") (#126965). Davis is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Davis complains he was denied adequate medical care at RLCC.

Because Davis cannot show Defendants acted with deliberate indifference to his serious medical needs, his complaint should be dismissed.

I. Background

Davis suffers from degenerative disc disease, and he previously filed suit against the medical doctor at Winn Correctional Center ("WCC") when Davis was incarcerated at that facility. As summarized by the United States Fifth Circuit Court of Appeals in that case:

> [J]ust before arriving at WCC, a full set of lumbar spine x-rays showed that Davis had degenerative disc disease with narrowing of the disc space in the lumbosacral area and that he was instructed to perform

> light range-of-motion exercises. Upon arriving at WCC, Davis was given compound duty, allowed the use of a crutch and/or a cane, given a bottom bunk, and restricted from sports activities due to his back pain. He was seen frequently for his complaints of lower back pain, the orders regarding the crutch and cane were changed frequently, and he was prescribed medication to help manage the pain. Davis requested that more x-rays be done but was told that further radiologic examination was not indicated.
>
> He also contends that an MRI of his lower back that was ordered in 2005 still has not been done. The document to which he refers, however, simply states that an MRI is "the study of choice" if further information regarding the lumbar spine discs was desired.

(Docket No. 14-31087, 5th Cir.).

Subsequent to his suit against WCC, Davis was transferred to RLCC. Since his arrival at RLCC, Davis has been examined by Dr. George and Dr. McVea, who prescribed Parafon Forte and Cymbalta for pain. (Doc. 1, p. 4; Doc. 1-2, p. 4). According to Davis, Dr. McVea said the DOC will not pay for back surgery because it is too expensive. (Doc. 1, p. 4). Contrarily, Davis also alleges that two other inmates have received corrective back surgery. (Doc. 1, p. 4).

II. Law and Analysis

    A. Davis's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Davis is a prisoner who has been permitted to proceed *in forma pauperis*. (Doc. 8). As a prisoner seeking redress from an officer or employee of a governmental entity, Davis's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Davis's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua*

*sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

  B.  Davis cannot show deliberate indifference to serious medical needs.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Davis has not presented factual allegations indicating that Defendants ignored his complaints, refused to treat him, or intentionally treated him incorrectly. Davis

disagrees with the treatment he received. However, a prisoner's disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care. See Norton v. Dimanzana, 122 F.3d 286, 292 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Although Davis argues he is not receiving surgery because of the cost, his argument is belied by the allegation that two other inmates at RLCC have received corrective back surgery in the two years Davis has been housed at that facility. (Doc. 1, p. 4).

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Davis's complaint be **DENIED** and **DISMISSED** with prejudice under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14)

4

days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this __29th__ day of October, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge